Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
2473 S. Higley Road
Suite 104-308
Gilbert, AZ 85295-3023
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Kirsten M. Whipps; and<br>Kevin E. Whipps;<br><br>         Plaintiffs,<br><br>v.<br><br>NRF Financial, LLC; and<br>Law Office of James R. Vaughan PLLC;<br><br>         Defendants. | No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

**I. Preliminary Statement**

1. Plaintiffs bring this action for damages based upon Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. (hereinafter "FDCPA"). Plaintiffs seek an award of statutory damages, actual damages, court costs and attorney's fees.

**II. Statutory Structure of FDCPA**

2. Congress passed the FDCPA to eliminate abusive debt collection practices

by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt.  FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes.  FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as  any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection  of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.  FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

### III. JURISDICTION

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), and 28 U.S.C. § 1331.  Venue lies in

the Phoenix Division of the District of Arizona as Plaintiffs' claims arose from acts of the Defendants perpetrated therein.

### IV. PARTIES

9. Plaintiffs are individuals residing in Maricopa County, Arizona.

10. Plaintiffs are allegedly obligated to pay a consumer debt and are each a "consumer" as that term is defined by FDCPA § 1692a(3).

11. Defendant NRF Financial, LLC ("NRF") is a Nevada limited liability company collecting or attempting to collect debts in Arizona.

12. In the alternative, NRF is a South Dakota limited liability company collecting or attempting to collect debts in Arizona.

13. NRF is not licensed or registered with the Arizona Secretary of State to do business within the State of Arizona.

14. NRF collects or attempts to collect debts owed or asserted to be owed or due another.

15. In the alternative, NRF collects or attempts to collect debts it has purchased after default.

16. NRF is a "debt collector" as that term is defined by FDCPA § 1692a(6).

17. The Law Office of James R. Vaughan PLLC ("Vaughan") is an Arizona professional limited liability company.

18. Vaughan collects or attempts to collect debt owed or asserted to be owed or due another.

19. Vaughan is a "debt collector" as that term is defined by FDCPA § 1692a(6).

### V. FACTUAL ALLEGATIONS

20. In or about 2007, Plaintiff Kirsten Whipps opened a credit card account

1     with Washington Mutual Bank.

2  21.  Kirsten later defaulted on her credit card account with Washing Mutual.

3  22.  NRF claims to have purchased the Washington Mutual account after it went into default.

5  23.  On or about December 17, 2009, Vaughan mailed a letter to Plaintiffs which stated that the law firm had been retained by NRF to collect the alleged Washington Mutual debt.  (A copy of this letter is attached hereto as Exhibit A and incorporated herein).

9  24.  Exhibit A is the initial communication from Vaughan to Plaintiffs concerning the alleged debt.

11  25.  In Exhibit A, Vaughan stated "Unless, within thirty (30) days after receipt of this notice you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid <u>by the creditor</u> and by this firm." (emphasis added).

15  26.  The only reference to "creditor" in Exhibit A, is to Washington Mutual Bank as the "Original Creditor."

17  27.  Pursuant to 15 U.S.C. § 1692g(3), if a consumer does not dispute the debt, only the "debt collector" can assume the debt is valid, not the creditor or other collection agency.

20  28.  On or about December 18, 2009, NRF mailed or caused to be mailed a letter to Plaintiffs concerning the alleged debt. (A copy of this letter is attached hereto as Exhibit B and incorporated herein).

23  29.  Exhibit B is the initial communication from NRF to Plaintiffs concerning the alleged debt.

25  30.  Upon information and belief, Exhibit B was mailed at the direction of and

by Vaughan.

31. The phone numbers listed in Exhibit B as belonging to NRF, are in fact phone numbers of Vaughan.

32. NRF failed to provide Plaintiffs with the verification / validation notice within five (5) days of the initial communication as required by 15 U.S.C. § 1692g.

33. Defendants' actions set forth herein were intentional, willful, and in gross or reckless disregard of Plaintiffs' rights and part of its persistent and routine practice of debt collection.

34. In the alternative, Defendants' actions were negligent.

## VI.  Causes of Action

### a.  Fair Debt Collection Practices Act

35. Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs.

36. Defendants' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(10), 1692e(14), 1692f(1), and 1692g.

## VII.  DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that judgment be entered against Defendants for:

    a)    Statutory damages of $1,000 per defendant pursuant to FDCPA § 1692k;

    b)    Costs and reasonable attorney's fees pursuant to §1692k; and

1  c) Such other relief as may be just and proper.

2

3  DATED  June 30, 2010  .

4

5                                              s/ Floyd W. Bybee
                                            Floyd W. Bybee, #012651
6                                           **BYBEE LAW CENTER, PLC**
                                            2473 S. Higley Road
7                                           Suite 104-308
                                            Gilbert, AZ 85295-3023
8                                           Office: (480) 756-8822
                                            Fax: (480) 302-4186
9                                           floyd@bybeelaw.com

10                                          Attorney for Plaintiffs